1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11           Respondent,                    No. CR S-96-0190 DFL GGH P

12      vs.

13   JAMES ROY BARRON,                      ORDER

14           Movant.

15   _____/

16          The following matters came on for hearing before the undersigned on January 19,

17   2006: 1) movant's November 21, 2005 motion to expand the record; 2) movant's November 22,

18   2005 motion for reconsideration of the undersigned's finding of procedural default as to Claim 6;

19   3) respondent's January 10, 2006 motion for reconsideration of evidentiary hearing and motion

20   for summary adjudication of Claims 1 and 2; 4) movant's January 13, 2006 request to strike

21   government's late-filed motion.  Suzanne Luban appeared for movant.  Samantha Spangler

22   represented the respondent.

23   Motion to Reconsider the Hearing

24          Respondent brought a reconsideration motion at the eleventh hour, asking that this

25   court re-visit its December 1, 2004 Order and Findings and Recommendations, and summarily

26   adjudicate Claims I and 2, a motion understandably strongly opposed by movant.  As the court

1

1   observed at the hearing on the motion, the motion itself was belatedly filed, as well, the request

2   for reconsideration was beyond a year from the order (and findings and recommendations)

3   challenged.  Respondent argued, inter alia, that two other counsel proceeded her appearance in

4   this matter, in effect, segmenting the case into three discrete parts, not amenable to having been

5   addressed in the way issues would have been met had there been one counsel throughout.  She

6   also attempted to raised issues challenging the subsequent factual development rendered by

7   movant's counsel as opposed to addressing the legal basis for her motion.

8          The undersigned informed respondent that, at some point, dilatoriness in bringing

9   forward points and issues no matter how arguably meritorious, and even if such tardiness cannot

10  be fairly wholly attributable to current counsel for respondent, cannot be countenanced.  On the

11  other hand, the court agreed that respondent's brief in support of the belated motion need not be

12  stricken and could be relied on by respondent at the evidentiary hearing in the form of a hearing

13  brief, a point with which movant did not take issue.  Movant's counsel requested that she be

14  permitted to file movant's brief post-evidentiary hearing, after obtaining a hearing transcript;

15  respondent sought leave to file a reply to that brief, for all of which the court granted leave.

16  Movant's Motion to Reconsider Procedural Default as to Claim 6

17          As to the motion to reconsider the procedural bar on Claim 6, this court observed

18  at the motion hearing, that this challenge, the direct claim of constitutional error arising from

19  movant being denied the right to testify, is a trial court error with case law clearly supporting the

20  proposition that the trial court has no duty, without a demonstrable exhibition by movant at trial

21  to put the court on notice, to advise a defendant of his right to testify.  See Order and Findings

22  and Recommendations, filed on December 1, 2004, p. 5; United States v. Pino-Noriega, 189 F.3d

23  1089, 1094-1095 (9th Cir. 1999) ("district court has no duty to affirmatively inform defendants

24  of their right to testify, or to inquire whether they wish to exercise that right"), citing United

25  States v. Edwards, 897 F.2d 445, 447 (9th Cir. 1990); United States v. Martinez, 883 F.2d 750,

26  760 F.2d 1470 (9th Cir. 1989) vacated on other grounds, 928 F.2d 1470 (9th Cir. 1991).

1        Movant's counsel could not and did not dispute this point but questioned whether

2   movant's waiver could be considered voluntary and knowing in the circumstances.  By way of

3   example, the undersigned pointed to the case of Colorado v. Connelly, 479 U.S. 157, 167, 107 S.

4   Ct. 515, 522 (1986) (defendant's mental acuity not pertinent if police conduct was not coercive)

5   (voluntary confession context).  See also, Derrick v. Peterson, 924 F.2d 813, 818 (9th Cir. 1990).

6   This court finds, as many have before, that it is unworkable to impose the burden movant would

7   seek to impose on the trial court.  Despite the defendant's competence to proceed, movant would

8   have the trial court assess each defendant's ability to thoroughly understand his right to testify,

9   and determine for each defendant the amount of advice regarding the right to testify that was

10  necessary dependent on such characteristics as general intelligence, street smarts, educational

11  level, mental acuity, mood and so forth.  On the evidence of the trial record, the finding that

12  movant waived such a claim and that it is procedurally defaulted is warranted.  There was no

13  basis to reach the prejudice analysis.

14  Motion to Expand the Record

15        At oral argument, movant's counsel suggested that the parties could stipulate prior

16  to the hearing as to specific documents, obtaining the requisite authentication.  Respondent's

17  counsel agreed that a ruling on the motion need not be rendered pre-evidentiary hearing but

18  asserted that she would not stipulate to any expansion of the record that did not have an adequate

19  foundation.  The undersigned made observations with respect to the liberality of the statute

20  regarding expansion of the record, Rule 7 of the Rules Governing Section 2254 Cases, a

21  liberality that exceeds the parameters set by the Federal Rules of Evidence.  Movant's counsel

22  sought to be able to submit by way of affidavit explanations with regard to movant's school

23  record documentation, records which respondent characterized as "cryptic."  The court made

24  clear that while expansion of the record might well be liberally allowed at the evidentiary

25  hearing, nevertheless, respondent would be free to posit objections which would be likely to

26  affect the weight which the undersigned would accord the expansion.  The court also cautioned

1   that only declarations of a solely ministerial nature could be submitted; otherwise, the witness

2   would have to be available to undergo cross-examination.  The parties were to meet to discern to

3   what extent any expansion of the record might be effected by way of stipulation.

4           Initially, respondent's counsel did not anticipate offering any exhibits beyond

5   what is in the record or any expert testimony.  The court informed the parties that either could

6   call any other party's witness.  To the extent that respondent modified her initial assertion, the

7   court ordered that respondent must file and serve any extra-record witness list and exhibit list

8   upon movant by one week from January 19, 2006.[1]

9           Movant sought to amend the witness list to name an unidentified individual who

10   might be able to interpret the meaning of notations in movant's school record.

11           Movant has the burden and will begin.

12           After hearing, the court makes the following ORDERS:

13           1.  Respondent's January 10, 2006 motion for reconsideration of evidentiary

14   hearing is denied as untimely;

15           2.  Movant's January 13, 2006 request to strike respondent's late-filed motion is

16   denied as unnecessary; the motion itself having been denied, respondent is granted leave to

17   submit the briefing in support of the late-filed motion for reconsideration as respondent's

18   evidentiary hearing brief;

19           3.  Movant's November 22, 2005 motion to reconsider the finding of procedural

20   default as to Claim 6 is denied;

21           4.  Movant's November 21, 2005 motion to expand the record is deferred pending

22   further discussion at the evidentiary hearing;

23   \\\\\

24

25       [1] Movant's January 31, 2006 motion in limine demonstrates that respondent's counsel
    apparently did serve, by January 26, 2006, respondent's witness and exhibit list, although she
26   failed to file those lists.

1    5.  Respondent's witness and exhibit list was to be filed and served upon movant

2  by no later than one week from the date of the January 19, 2006 hearing; and

3    6.  The evidentiary hearing remains set for February 27, 2006 at 9:00 a.m. before

4  the undersigned.

5  DATED:   2/22/06

6                                  /s/ Gregory G. Hollows

7                                  UNITED STATES MAGISTRATE JUDGE

8  barr0190.ord

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26