SUZANNE A. LUBAN
Attorney At Law
State Bar No. 120629
3758 Grand Ave. #4
Oakland, California 94610
Telephone 510/832-3555

Attorney for Defendant
JAMES ROY BARON

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>　　　Plaintiff,　　　　　　　　)<br>  )<br>vs.　　　　　　　　　　　　　　)<br>  )<br>  )<br>JAMES ROY BARRON,　　　　　)<br>  )<br>　　　Movant.　　　　　　　　　)<br>_____) | D.C. No. Cr. 96-190-JAM/AC P<br><br>REQUEST FOR ORDER DIRECTING PROVISION TO COUNSEL OF COPIES OF SEALED PLEADING AND PRESENTENCE REPORT AND DECLARATION OF COUNSEL<br><br>Judge: Hon. Allison Claire |

  Defendant James Roy Barron is a federal prisoner serving six consecutive life terms imposed after trial in a non-violent crack cocaine case. The undersigned represented Mr. Barron on direct appeal and then most recently in a 28 U.S.C. § 2255 case before this Court, the appeal of which concluded in July 2010. The docket shows that in March 2011 Mr. Barron filed (or attempted to file) a *pro per* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), but that document is listed in the docket as sealed and "disregard[ed]" and thus is not accessible to counsel. *See* Docket No. 369.

  Mr. Barron seeks to lay to rest the concerns that he and his family have that he might be eligible for a reduced sentence as a result of the Fair Sentencing Act of 2010 ("FSA"). The FSA reduced the crack to powder cocaine ratio from 100:1 to approximately 18:1. 280 grams of crack cocaine now triggers the ten-year mandatory minimum (and the increased mandatory minimums that may apply if priors are proven),

down from 50 grams that was the statutory quantity at the time of Mr. Barron's conviction. 21 U.S.C. § 841(b)(1)(A)(iii). Mr. Barron was sentenced to each life term based on a finding by the district court that the drug quantity attributed to him exceeded the threshold necessary to trigger a ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(iii), combined with the filing of an information charging two prior drug trafficking convictions under 21 U.S.C. § 851.

Despite the apparent non-retroactivity of the FSA to defendants sentenced prior to August 3, 2010, the FSA's effective date, *see Dorsey v. United States*, 132 S. Ct. 2321; 183 L. Ed. 2d 250 (2012)*; United States v. Baptist,* 646 F.3d 1225 (9th Cir. 2011), *cert. denied*, 132 S.Ct 1053 (2012)*,* lingering questions haunt Mr. Barron and his family. If the crack cocaine quantity attributed to Mr. Barron at sentencing exceeded 280 grams, then regardless of the question of retroactivity, the FSA could not possibly benefit Mr. Barron, and he and his family would at least know they had exhausted every possible inquiry. If on the other hand the drug quantity was below 280 grams, then it is possible that Mr. Barron will seek a remedy and challenge the Ninth Circuit's holdings that the FSA does not apply retroactively to sentences imposed before the effective date of the FSA.

Unfortunately, the undersigned is unable to locate a copy of the Presentence Report ("PSR") in her files or the files provided to her by trial counsel. Mr. Barron's family members have searched his mother's home and have also been unable to locate a copy of the PSR. The sentencing hearing transcript does not mention the specific drug quantity attributed to Mr. Barron. The parties and the court discussed the fact that the 21 U.S.C. § 851 filing triggered the life mandatory minimum, and Mr. Barron admitted the priors on the record. However, the actual drug quantity was not stated on the record.

## CONCLUSION

Despite diligent efforts to by the undersigned and Mr. Barron's family to locate a copy of the PSR, non has been found. Therefore, Mr. Barron hereby respectfully requests this Court to: (1) direct the District Court clerk to provide to the undersigned a copy of the sealed *pro per* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)

(Docket No. 369); and (2) direct the U.S. Probation Office to provide to the undersigned a copy of James Barron's final presentence report. The undersigned assures the Court that she will not provide the PSR to anyone else, but instead will use the PSR solely to advise Mr. Barron and his family of the drug quantity attributed to him at sentencing.

DATED: February 3, 2013              Respectfully submitted,

                                              /S/ *Suzanne A. Luban*
                                              SUZANNE A. LUBAN
                                              Attorney for JAMES BARRON

_____

## DECLARATION OF COUNSEL

I, Suzanne A. Luban, hereby declare:

1. I am an attorney duly licensed to appear before this Court and all courts in the State of California.

2. I was appointed by this Court to represent James Barron most recently in his 28 U.S.C. § 2255 case and then I continued as appointed counsel on the appeal of the denial of that § 2255 motion. I am handling this request for Mr. Barron on a *pro bono* basis.

3. I have searched for the PSR in my archived files and the files provided to me by Randall Daar, Mr. Barron's trial counsel. I have been unable to locate the PSR. I do not specifically recall whether I had a copy of Mr. Barron's PSR, although that appears likely in light of the fact that I obtained Mr. Daar's entire file and represented him on direct appeal. No sentencing issues were raised in the direct appeal.

I requested Mr. Barron's grown daughter Jamie Barron to search the files stored at her paternal grandmother's home and to ask her father's other family members if they have the PSR. Ms. Barron reported to me that the PSR is not in the legal materials stored at James Barron's mother's home, and that the other family members who might have stored legal files on James Barron's behalf do not have the PSR.

4. Mr. Barron did not provide me with a copy of the *pro per* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Review of that pleading as well as the PSR

will assist me in advising Mr. Barron and his family.  Because the Bureau of Prisons forbids inmates to possess any PSR's inside the prisons, the PSR may not be disclosed to Mr. Barron personally.

    5.  I received an email reply from AUSA Samantha Spangler advising me that the United States has no objection to this request.

    6.  For the next five months I am teaching at Stanford Law School, so I request that the documents be mailed to me at the following address:

Suzanne A. Luban, Staff Attorney
Criminal Defense Clinic
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305.

Dated: February 4, 2013                         Respectfully submitted,

                                                  /S/ Suzanne A. Luban
                                                  SUZANNE A. LUBAN
                                                  Counsel for James Barron

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | D.C. No. Cr. 96-190-JAM/AC P |
| Plaintiff, | ) ) | ORDER DIRECTING PROVISION TO COUNSEL OF |
| vs. | ) ) | COPIES OF SEALED PLEADING AND PRESENTENCE REPORT |
| JAMES ROY BARRON, | ) ) | TO DEFENSE COUNSEL |
| Movant. | ) ) | Judge: Hon. Allison Claire |

For Good Cause Shown, IT IS HEREBY ORDERED that:

(1) the U.S. Probation Office shall provide a copy of the final Presentence Report for James R. Barron to his counsel Suzanne A. Luban by U.S. Mail; and

(2) the U.S. District Court Clerk shall provide a copy of (Sealed) Docket No. 369 to Ms. Luban by U.S. Mail.

Both documents shall be mailed to Ms. Luban at the following address:

Suzanne A. Luban, Staff Attorney
Criminal Defense Clinic
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305.

DATED: February 6, 2013

/s/ John A. Mendez
John A. Mendez
U. S. District Court Judge